IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY C. BROWN and <br> RICHARD O. WORTHAM, | § <br> § <br> § | |
| Plaintiffs, | § <br> § | |
| v. | § <br> § | Civil Action No. 3:11-CV-0231-K |
| MARCUS D. BROWN, STACY <br> ESCAMILLA, and CAPITAL ONE <br> BANK (USA), N.A., | § <br> § <br> § <br> § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand (Doc. No. 7). For the following reasons, the Court **GRANTS** this motion.

## I.  Background

Having served in the Army during the Korean War, Plaintiff Billy C. Brown began receiving benefits from the Department of Veterans Affairs ("VA") in the early 1990s. In 2005, Plaintiff Brown executed a Durable Power of Attorney granting his son, Plaintiff Richard O. Wortham, certain powers, including the authority "'to endorse any checks or drafts made payable to me from any governmental agency for my benefit.'" Pls. Mtn to Remand, p. 2. In late 2009 or early 2010, Plaintiff Brown learned that Defendant Marcus D. Brown (unrelated to Plaintiff Brown) had been appointed by the VA as a "fiduciary" with control over Plaintiff Brown's veterans' compensation benefits.

The VA had allegedly determined Plaintiff Brown was incompetent, although Plaintiff Brown or Plaintiff Wortham complain neither received notice of this process or a hearing. As the acting fiduciary, Defendant Brown took control over Plaintiff Brown's funds, which Plaintiffs allege included VA benefits but also non-VA monies.

Plaintiffs attempted to communicate with Defendant Brown and the VA, but both refused to discuss anything related to Defendant Brown's actions or Plaintiff Brown's funds. Plaintiffs then sued Defendant Brown, not the VA, in state court on October 8, 2010, asserting state law claims for conversion and breach of fiduciary duty, as well as seeking declaratory action. On January 25, 2011, the state court conducted a hearing on Defendant Brown's plea to the jurisdiction. On this same day, Plaintiffs received a letter from the VA regional office that Defendant Stacy Escamilla was appointed to replace Defendant Brown as the VA fiduciary on December 10, 2010. The next day, January 26, Plaintiffs filed their First Amended Original Petition and Application for Temporary Restraining Order, naming Stacy Escamilla and Capital One Bank (USA), N.A. as defendants. The United States removed the case to this Court on February 7, 2011.

## II. Removal was Improper

The procedure for removing a case is addressed in 28 U.S.C. §1446. The timeliness of a removal is specifically addressed by §1446(b), which reads in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
> If the case stated by the initial pleading in not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading. . . .

28 U.S.C. § 1446(b).

The United States removed the case to this Court on February 7, 2011. The Court notes that the United States was not a named party at the time of removal, nor is it now. The Court will not address the propriety of the United States removing this case when it was not a named defendant. Instead, the Court will assume, without deciding, that the United States properly removed the case because remand is appropriate on other grounds.

In its Second Amended Notice of Removal, the United States asserts that removal is proper because the case involves (1) a federal question, (2) the actions of persons acting under authority of an officer of the United States, that being the Secretary of the VA, and (3) the interests of the government and its agency, the VA. The United States claims that Plaintiffs' First Amended Original Petition asserts allegations that the VA federal fiduciary breached his fiduciary duty and wrongful retained VA benefits, and the General Power of Attorney executed under state law was superior to the fiduciary authority of the VA. The United States also asserts in its Second Amended Notice of Removal that "this case seeks to impede a person (Marcus Brown, and now Stacy Escamilla) acting under a federal officer (the Secretary), from performing the duties

appointed to him by the Secretary." The United States argues that Defendant Brown "was not and is not a federal employee [but that] does not negate the propriety of the instant removal." Second Amended Notice of Removal, p. 3. The United States goes on to assert that Defendant Brown "acted under color of federal law and under the authority of the Secretary", and because he was managing Plaintiff Brown's VA benefits, he was responsible obligated and accountable to the Secretary for those funds. *Id.*

Although Plaintiffs did indeed file a First Amended Original Petition, the Court is of the opinion that the United States was put on notice with Plaintiffs' Original Petition as to the possible federal implications. A careful reading of the original petition compared with the amended version evidences that the original petition set forth the exact same claims on which the United States relied on from the amended petition to remove the case. In fact, the language used in asserting their claims is identical. The changes contained in the amended petition appear to be limited to the identification of two new defendants, as well as new factual background information, and the additional requested relief of a temporary restraining order. *See* Pls. First Amended Original Pet., pp.6-8, ¶¶ 23-29. The claims Plaintiffs assert in both petitions center on Defendant Brown's actions, not Defendant Escamilla, who appears to be a relative new player to this game. The Court concludes that the assertions made by the United States as the basis for its argument that the removal is proper were certainly as clear from the Original Petition as from the amended petition.

In its responsive briefing to the motion to remand, the Secretary argues that "federal officers are entitled to, and the interest of national supremacy requires, the protection of a federal forum in those actions commenced in state court that could arrest, restrict, impair, or interfere with the exercise of federal authority by federal officials." Secretary's Response ("Sec.'s Resp."), p. 20. The Secretary argues that Defendant Brown, for whatever reason, chose not to remove the case, "but, instead opted to urge the [state] court to dismiss based on jurisdictional grounds and, thus, lost the right to remove the case upon the expiration of the thirty days from his receipt of the complaint." *Id.* at p. 13.

What the Court finds curious is why did the VA, in a letter dated October 14, 2010, inform Plaintiffs' counsel that

> Regional Counsel will be unable to represent [Defendant] Brown, since he is not a VA official or employee. 38 C.F.R. §14.514. However, [Defendant] Brown may retain counsel to defend any action filed against him in his capacity as a federal fiduciary. . . .

Pls. App. in Support of Motion to Remand, p. 28. It seems more than disingenuous for the government to refuse to defend Defendant Brown in the suit at the onset because "he is not a VA official or employee," but now to argue to this Court that he, as well as Defendant Escamilla, are federal officers, acting under the authority of the Secretary, in their capacities as VA fiduciaries, and are entitled as such to the protection of the federal courts. This begs the question, why now? The Court can find no satisfactory answer to that question, and the Secretary has provided none. It seems the government is

unhappy with the strategy chosen by Defendant Brown's counsel, not to remove the case but rather move to dismiss on jurisdictional grounds, so that the government is now attempting to wind its way into this case when it initially declined in writing to participate, forcing him to retain his own attorney. The government's arguments in its responsive briefing as to why the removal by the Secretary was proper and timely after the amended petition was filed are simply unsupported, to say the least. To say it was the amended petition that first indicated there would be state court actions that "interfered or tended to interfere with the Secretary's ability to carry out the responsibilities for VA appointed fiduciaries and the veteran's benefits" is, again, disingenuous. Sec.'s Resp. at p. 22. And to argue to this Court that the Plaintiffs "have made great efforts in their pleadings to avoid the implication of federal question jurisdiction" and that "Plaintiffs should not be encouraged to draft pleadings with an eye toward insulating federal cases from removal" is absurd. There is nothing to support the government's assertion that Plaintiffs are attempting to avoid the federal forum by carefully wording their pleadings. It appears to the Court that it is the government who has attempted to carefully avoid involvement in this case, but has now, for one reason or another, decided to get involved and is carefully crafting ways to avoid the state court.

Furthermore, the Court does not agree with the Secretary's argument that the revival exception to the thirty day time limit applies. The revival exception reinstates the thirty day removal deadline when a "complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Johnson v.*

*Heublein, Inc.*, 227 F.3d 236, 241 (5th Cir. 2000). For the reasons stated above, Plaintiffs' amended petition can in no way be construed by this Court to be such a substantial change to the nature of the original lawsuit that it is essentially a new lawsuit. True, Plaintiffs' amended petition did seek injunctive relief; but, this relief sought simply "to preserve the status quo" and keep Defendant Brown from transferring the money to any person other than Plaintiffs until the state court could conduct a hearing. This Court cannot find that this requested injunctive relief changed the nature of the case so substantially that it essentially became a new lawsuit altogether.

Lastly, the Court finds the Secretary's argument that federal courts have exclusive jurisdiction to be unpersuasive. The Court does not read 28 U.S.C. §511 as vesting federal courts with exclusive jurisdiction; rather, it addresses the authority of the Secretary as it relates to determining the amount and means of providing VA benefits to a veteran. *See Broudy v. Mather*, 460 F.3d 106, 114 (D.C. Cir. 2006)(courts still have jurisdiction to hear cases involving issues that affect the provision of benefits provided the issues were not decided already by the Secretary during a benefits proceeding). This case does not involve a decision of the Secretary made during a benefits proceeding. Furthermore, there has been no showing made that preemption applies in this case so that the state court could not construe federal law if need be.

### III.  Conclusion

The Court finds the Plaintiffs' Original Petition, filed on October 8, 2010, put the United States on notice as to the claims upon which the United States relied to remove

this case. Accordingly, assuming without deciding the United States was even proper in removing the case at all as an unnamed party, the United States had thirty days from October 8, 2010, to remove the case. 28 U.S.C. §1446(b). Because it removed the case on February 7, 2011, the removal was untimely. This case is remanded to the 101st Judicial District Court of Dallas County, Texas.

**SO ORDERED.**

Signed May 17th, 2011.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE